IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br>    Plaintiff, | §<br>§<br>§<br>§ |
| v. | §   CIVIL ACTION NO. 5:23-CV-00131 |
| CHARLES MALCOLM CLARK, JR.,<br>    Defendant. | §<br>§<br>§<br>§ |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff PNC Bank, National Association ("**Plaintiff**" or "**PNC Bank**") submits this Motion for Default Judgment against Defendant Charles Malcolm Clark, Jr. ("**Defendant**"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and in support respectfully shows:

### I.   BACKGROUND

1. On November 21, 2023, Plaintiff filed its Original Complaint against Defendant for breach of contract.  Dkt. No. 1.

2. On May 2, 2024, the Court entered an Order Granting Motion for Substituted Service (the "**Order**").  Dkt. No. 9.

3. On June 6, 2024, Plaintiff filed a Proof of Service showing that Defendant was served in accordance with the Order on May 17, 2024. Dkt. No. 10. Defendant was required to file and serve an answer to the Complaint by June 7, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Dkt. No. 11.

4. Defendant did not file a responsive pleading or otherwise defend the suit. On June 26, 2024, the Clerk of the Court entered a default against Defendant (Dkt. No. 13).

5. Plaintiff now moves the Court to enter a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b).

## II.    LEGAL STANDARDS

6. A court may render a default judgment against a party who has defaulted by failing to file a responsive pleading or otherwise defend suit. *See* Fed. R. Civ. P. 55(a), (b)(2); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

7. A party's default is "deemed to constitute a concession of all well pleaded allegations of liability . . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *Logan v. Compu Shop, Inc.*, Civ. A. No. H-85-6557, 1986 WL 14837, at *1 (S.D. Tex. Dec. 23, 1986). Default judgment may thus be entered against the defaulting party if there is a sufficient basis in the pleadings for that judgment. *See Nishimatsu*, 515 F.2d at 1206.

8. The factors that a court may consider in deciding whether to enter default judgment include the following: whether material issues of fact exist; whether substantial prejudice will result; whether the grounds for default are clearly established; and whether a good faith mistake or excusable neglect resulted in the default. *See Caterpillar Fin. Serv. Corp. v. Lindsey*, 218 F.R.D. 145, 148 (S.D. Tex. 2003) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

9. Insofar as a party's *liability* is established through a default judgment, Rule 55(b)(2) authorizes a court to determine *damages* based on detailed affidavits, documentary evidence, and the overall contents of the record. *Lijadu v. INS*, Civil Action No. 06-0518, 2009 WL 508040, at *8 (W.D. La. Feb. 26, 2009) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

### III.   ARGUMENT

**A. Liability**

10.     The Court should enter default judgment against Defendant because he did not file a responsive pleading or otherwise defend suit within 21 days after being served with process. Fed. R. Civ. P. 12(a)(1)(A)(i); Fed. R. Civ. P. 55(a), (b)(2); *Sun Bank of Ocala*, 874 F.2d at 276.

11.     PNC Bank sets forth sufficient factual allegations in the Complaint to establish that Defendant is liable to PNC Bank for breach of contract. By his default, Defendant is deemed to have admitted the following: (a) Defendant executed a Promissory Note (the "**Note**") and Loan Agreement (the "**Agreement**") in the amount of $345,750.00 in favor of PNC Bank; (b) PNC Bank performed all of its obligations under the Note and the Agreement; (c) Defendant is in default on the Note and in breach of the Agreement for his non-payment of principal and interest when due in accordance with the terms of the Note and the Agreement; (d) Defendant's default on the Note and breach of the Agreement have caused PNC Bank to incur damages, including principal due on the loan in the amount of $308,263.20, with interest accruing in accordance with the terms of the Note and the Agreement; (e) PNC Bank is entitled to attorney's fees under the terms of the Note and the Agreement and pursuant to Texas Civil Practice and Remedies Code § 38.001 et seq.; and (f) all conditions precedent to suit have been met. *See* Dkt. 1 pp. 2-5.

12.     Other factors weigh in favor of the entry of a default judgment. Substantial prejudice to PNC Bank will result if a default judgment is not entered, as Defendant has been in default under the terms of the Note and the Agreement for almost several years and is indebted to PNC Bank in the principal amount of $308,263.20, as of the date of this filing. *See Caterpillar*, 218 F.R.D. at 148 (default judgment entered where defendant "failed to comply with a mortgage, promissory or guarantee agreements"). The grounds for default are well established in PNC Bank's

Request for Entry of Default (Dkt. 12) and herein.[1] There is also no evidence that Defendant's default was the result of a good faith mistake or excusable neglect.

### B. Evidence in Support of Damages

13.　Attached hereto as **Exhibit A** is the Affidavit of William Hardrick, Mortgage Default Processor for PNC Bank, regarding the damages suffered by PNC Bank as a result of Defendant's conduct ("**Hardrick Aff.**").

14.　As Ms. Hardrick explains, Defendant obtained and failed to pay off a loan from PNC Bank in the amount of $345,750.00. *See* Hardrick Aff. ¶¶ 4-9.

15.　The outstanding principal amount owed as of the date of this filing is $308,263.20. *See id.* ¶ 7. This amount reflects credits for monthly loan payments and the allocation of such payments to principal, accrued interest, and escrow. *Id.* This amount also reflects any additional payments in excess of the regular monthly amounts (which went towards the payment of principal), as well as any reversed payments and fee assessments. *Id.*

16.　Defendant failed to make the loan payment due on November 18, 2019 and has not made any payments since. *See id.* ¶ 6. Thus, the date of default on the loan is November 18, 2019 (the "**Default Date**"). *Id.*

17.　On August 31, 2023 and September 14, 2023, PNC Bank made a formal demand on Defendant to pay the outstanding balance owed on the Note and further notified Defendant that PNC Bank intended to accelerate the Note according to the terms of the Note and the Agreement. *Id.* ¶ 8 & Ex. A-1. Defendant still failed to pay the outstanding balance owed on the Note. *Id.* ¶ 8.

18.　Consequently, PNC Bank accelerated the full outstanding amount owed on the Note

---

[1] Defendant did not respond to the Complaint or otherwise appear in this action. Defendant is not a minor, incompetent, or a servicemember for purposes of the protections offered by 50 U.S.C. § 3931. *See* Fed. R. Civ. P. 55(b)(2); *see also* Dkt. 12 ¶¶ 4-5, Exs. A, A-1 thereto.

and demanded payment thereof through the Complaint on November 21, 2023 (the "**Date of Acceleration**"). *See* Dkt. 1 ¶ 14.

19. Applying the contractual interest rate of 8.5% per annum, the amount of accrued interest owed as of the day before the Date of Acceleration is $106,483.53. *See id.*, Ex. A, p. 1; *see also* **[insert]** Aff. ¶ 10.

20. Applying the default rate of interest of 17.5% from the Date of Acceleration through September 6, 2024, the amount of accrued interest from the Date of Acceleration through September 6, 2024 is $43,456.55. *See* Dkt. 1, Ex. A, p. 2; *see also* Hardrick Aff. ¶ 11.

21. Thus, the total amount of accrued and unpaid interest through September 6, 2024 is $149,940.08. Hardrick Aff. ¶ 12.

22. In addition to the principal and interest amounts described above, Defendant also owes an escrow balance of $8,685.58, which represents funds paid by PNC Bank on behalf of Defendant for insurance payments and trustee's fees related to the Mexican property securing the loan in question. *See* Dkt. 1-2 at 31, 33; Hardrick Aff. ¶ 13.

23. Accordingly, as of September 6, 2024, PNC Bank has been damaged in the amount of $466,888.86 because of Defendant's conduct.

C. **Attorney's Fees**

24. As permitted by Texas Civil Practice and Remedies Code § 38.001 et seq., and as agreed to under the express terms of the Note and Agreement, PNC Bank is entitled to recover reasonable and necessary attorney's fees and costs. *See* Dkt. 1, Ex. A, p. 4; *see also id.*, Ex. B p. 36 at ¶ 6.04.

25. Attached hereto as **Exhibit B** is the declaration of Sarah Santos in support of PNC Bank's application for attorney's fees and costs in the amount of $16,759.00. *See* Ex. B, Ex. B-1.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court enter a default judgment against Defendant Charles Malcolm Clark, Jr. for: (i) principal owed in the amount of $308,263.20; (ii) interest at the contractual interest rate of 8.5% per annum from November 18, 2019 to November 20, 2023, in the amount of $106,483.53; (iii) interest at the default rate of 17.5% from November 21, 2023 through September 6, 2024, in the amount of $43,456.55; (iv) interest at the default rate of 17.5% from September 6, 2024 until the date of the judgment; (v) escrow fees in the amount of $8,685.58; (vi) attorney's fees and costs in the amount of $16,759.00; (vii) post-judgment interest at the applicable statutory rate; and (viii) any other relief to which it may be entitled.

Dated: September 6, 2024

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Sarah Santos*

Sarah Santos
**Attorney-in-Charge for Plaintiff**
State Bar No. 24040955
Southern District No. 602646
E-mail: ssantos@dslawpc.com
Landon Hankins
State Bar No. 24100924
Southern District No. 3370321
E-mail: lhankins@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Telephone: (210) 853-5882
Facsimile: (210) 200-8395

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will sent to the following individual:

| | |
|---|---|
| Charles Malcolm Clark, Jr. | _____ Regular Mail |
| At his two last known addresses in | __X__ Certified Mail, RRR |
| Indianapolis, Indiana, | _____ Facsimile |
| and Los Angeles, California | _____ E-mail |

*/s/ Sarah Santos*
Sarah Santos